IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

| | | |
|---|---|---|
| WILLIAM D. JOICE, | * | |
| | * | |
| Plaintiff, | * | |
| v. | * | |
| | * | |
| NANCY BERRYHILL, Acting | * | No. 1:16-cv-00099-JJV |
| Commissioner, Social Security | * | |
| Administration, | * | |
| | * | |
| Defendant. | * | |

**MEMORANDUM AND ORDER**

Plaintiff, William Joice, has appealed the final decision of the Commissioner of the Social Security Administration[1] to deny his claims for disability insurance benefits. Both parties have submitted appeal briefs and the case is ready for a decision.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. § 405(g). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857,

---

[1] Nancy Berryhill was sworn in as Acting Commissioner of the Social Security Administration on January 23, 2017, replacing Carolyn Colvin. She has therefore been substituted as the defendant in this case pursuant to Federal Rule of Civil Procedure 25(d)(1).

863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the respective briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

Plaintiff was forty-six years old at the time of the administrative hearing. (Tr. 47.) He went to the twelfth grade in school but attended special education classes. (Tr. 628.) The Administrative Law Judge (ALJ) determined Plaintiff had past relevant work as a farm worker, stock clerk, welder, and tractor trailer truck driver. (Tr. 36.)

Plaintiff alleges he is disabled due to a combination of impairments. The ALJ[2] found Mr. Joice had not engaged in substantial gainful activity since November 16, 2012 – the alleged onset date. (Tr. 19.) He has "severe" impairments in the form of "obesity, syncopal episodes (possible seizures), degenerative disc disease, headaches, history of alcohol abuse, hypertension, post history knee surgery, sleep apnea, [] depression and borderline intellectual functioning ." (*Id*.) The ALJ further found Mr. Joice did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1.[3] (*Id.*)

The ALJ determined Mr. Joice had the residual functional capacity to perform a reduced range of sedentary work. (Tr. 23.) Accordingly, he determined Mr. Joice could no longer perform

---

[2]The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

[3]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

his past work. (Tr. 35-36.) So he utilized the services of a vocational expert to determine whether other work existed in significant numbers that Plaintiff could perform despite his impairments. (Tr. 36-37, 72-80.) Through asking hypothetical questions of the vocational expert, the ALJ concluded Mr. Joice could perform the jobs of food and beverage order clerk and lampshade assembler. (Tr. 37.) Accordingly, the ALJ determined Mr. Joice was not disabled. (*Id.*)

In support of his Complaint, Mr. Joice argues the Commissioner erred in not remanding his case based on the opinion evidence of John H. Scribner, M.D. (Doc. No. 13 at 8-11.) The Commissioner counters that, because this evidence was submitted to the Appeals Council four months after the ALJ's decision, it "does not rise to the level of material evidence." (Doc. No. 14 at 4.)

Based on the Notice of Appeals Council Action, it does not appear they considered Dr. Scribner's opinion. (Tr. 2.) But the United States Court of Appeals for the Eighth Circuit has provided guidance for these circumstances:

> The Appeals Council shall evaluate the entire record including the new and material evidence submitted if it relates to the period on or before the date of the administrative law judge hearing decision. It will then review the case if it finds that the administrative law judge's action, findings, or conclusion is contrary to the weight of the evidence currently of record. 20 C.F.R. § 404.970(b). The newly submitted evidence is to become part of what we will loosely describe here as the "administrative record," even though the evidence was not originally included in the ALJ's record. *Browning v. Sullivan*, 958 F.2d 817, 823 n. 4 (8th Cir. 1992). If the Appeals Council does not consider the new evidence, a reviewing court may remand the case to the Appeals Council if the evidence is new and material. *See Williams v. Sullivan*, 905 F.2d 214, 217 (8th Cir. 1990). If, as here, the Appeals Council considers the new evidence but declines to review the case, we review the ALJ's decision and determine whether there is substantial evidence in the administrative record, which now includes the new evidence, to support the ALJ's decision. *Browning*, 958 F.2d at 823.

*Nelson v. Sullivan*, 966 F.2d 363, 366 (8th Cir. 1992) (footnote omitted).

Giving Mr. Joice all benefit of the doubt, I think it most fair to consider if the ALJ's decision

3

is supported by substantial evidence. With regard to Dr. Scribner's letter, the opinion of a treating physician is generally accorded a high degree of deference. *E.g., Thomas v. Sullivan*, 928 F.2d 255, 259 (8th Cir. 1991). That deference is not justified, however, when, as is the case here, the opinion consists of nothing more than conclusory statements. *Id*. (two-page insurance company form); *Ward v. Heckler*, 786 F.2d 844, 846-47 (8th Cir. 1986) (one-page Social Security Administration form). Dr. Scribner's letter states:

> William Joice has been a patient of mine for many years up to current. During this time, Mr. Joice has been battling a seizure disorder and has seen numerous specialists with no insight into controlling the disorder well enough for him to be employed. He has a very limited income and I do not for see [*sic*] this changing any time in the near future.

(Tr. 641.)

Additionally, a treating physician's opinions are not conclusive in determining disability status, and must be supported by medically acceptable clinical or diagnostic data. *Wilson v. Chater*, 76 F.2d 238, 241 (8th Cir. 1996); *Matthews v. Bowen*, 879 F.2d 422, 424 (8th Cir. 1989). Dr. Scribner's opinion is simply not supported by the evidence of record, including numerous diagnostic tests. (Tr. 316, 354.)

Impairments like Plaintiff's seizure disorder that are controllable or amenable to treatment do not support a finding of disability. And here, as the Commissioner points out, Mr. Joice was not compliant with taking his prescribed seizure medication. (Tr. 364.) Failure to follow a prescribed course of remediable treatment without good reason is grounds for denying an application for benefits. *Kisling v. Chater*, 105 F.3d 1255, 1257 (8th Cir. 1997).

The evidence fails to support a conclusion that Mr. Joice is completely disabled. "Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can

be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added).  A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).  The overall evidence of record fails to support his claim of disability.

Unquestionably, Plaintiff suffers from some degree of limitation based on the combination of his impairments.  I am sympathetic to his claims.  But it is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.  *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).  The record contains ample support as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also, Robertson v. Sullivan*, 925 F.2d 1124, 1126-27 (8th Cir. 1991).

THEREFORE, the Court hereby affirms the final decision of the Commissioner and dismisses Plaintiff's Complaint with prejudice.

IT IS SO ORDERED this 16th day of March, 2017.

JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE